Metcalfe, J.
This action was begun by defendant in -error J. V. Thomas, to foreclose a mechanic’s lien against the property of the defendant below, Minnie Silver..
Mrs. Silver is the owner of a lot in the city of-Youngstown, and she entered into a contract with one Katzman to erect a building thereon. Katzman sublet the excavation of the basement work *188 to the defendant Ralph Maso, and Maso sublet the contract to Thomas & Keegan, a copartnership.
After the work had begun, Keegan, Mr. Thomas’ partner, refused to go on with the work, and thereafter Thomas continued it alone to its completion, and afterwards took out a lien upon the premises in his own name and not in the ñame of the partnership.
It is insisted that the lien should have been taken in the name of the copartnership, and not in the name of Thomas alone, and that by reason thereof the lien is invalid.
The right to a mechanic’s lien does not depend upon contract, but depends upon the fact that the plaintiff who claims the lien furnished labor and materials that entered into the construction of the building. The contract gives him the right to do the work, but, after he has completed it, it is the law that gives 'him the right to the lien. We think, ■in this instance, it makes no difference that the contract was with the firm. After the work was commenced, but before it was completed, one of the partners dropped out, and the other Carried .it forward to completion. We think he is clearly entitled to take out the lien in his own name.
But, it' is insisted that the law was not complied' with by Mr. Thomas, in the fact that he did not give to the owner any notice of the work and labor performed and materials furnished by him.
We do not think the statutes require a subcontractor to furnish any statement to the owner of the premises unless he is required to do so by the owner himself. The language of the statute, Section 8312, General Code (103 O. L., 369, 371), *189 relied upon to sustain the contention of plaintiff in error Mrs. Silver, is as follows:
“Until the statements provided for in this section are made and furnished in the manner and form as herein provided, * * * the subcontractor shall have no right of action or lien against the owner, part owner, * * * until he shall have furnished such statements,” etc.
We have to look to the further provisions of the statute to find out what the “statements provided for” in this section are. The statute provides for certain statements which the original contractor shall make on his own account before he can require any payment of money on the contract, and then that “the original contractor shall also deliver to such owner, part owner, lessee or mortgagee, similar sworn statements from each subcontractor accompanied by like certificates from every person furnishing machinery, material or fuel to such subcontractor.”
'It seems to us clear, from the provisions of Section 8312, that the subcontractor is required to furnish the statement named only to the original contractor, and that the duty does not rest upon him to make any statement whatever to' the owner, unless such owner requires him to do so. This seems to us to be made clear by the following provision in the same section: *190 tractor or subcontractor and given to the owner, * * * within ten days after demand is made.”
*189 “In order that the owner, part owner, lessee, mortgagee, or contractor may be protected, he or his agent may at any time during the progress of the work demand in writing of the contractor or any subcontractor any or all statements herein provided for, which -shall be made by -the con-
*190 We think that when Mr. Thomas made the statements required by the statute, and delivered them to the original contractor, he fully complied with the law.
Another question is raised in this case, which is of some interest. The question of the amount of the indebtedness in favor of Thomas against Mrs. Silver was submitted to a jury. After the verdict was rendered the trial judge granted a new trial, and thereupon on his own motion rendered judgment in favor of Thomas 'for the amount of his claim.
It is urged that this was error, but, upon the undisputed facts as they appear from this record, there is no question of the right of the plaintiff to recover. We think, therefore, that the defendant below could not have been prejudiced by the action of the court. Therefore the case is affirmed.

Judgment affirmed.

Pollock and Farr, JJ., concur.